UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ) | CASE NO.: 23-54268-PMB |
| CHANLER JORDAN BAILEY, ) | |
| ) | CHAPTER 13 |
| DEBTOR. ) | |
| ) | JUDGE PAUL BAISIER |
| ------------------------------------------------------------------ ) | |
| ) | |
| MELISSA J. DAVEY, ) | |
| STANDING CHAPTER 13 TRUSTEE, ) | |
| Movant, ) | |
| ) | |
| v. ) | CONTESTED MATTER |
| ) | |
| CHANLER JORDAN BAILEY, ) | |
| Respondent. ) | |
| ) | |
| ------------------------------------------------------------------ ) | |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

1. Debtor failed to attend the 11 U.S.C. Section 341 hearing.

2. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

3. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

4. In accordance with General Order Nos. 18-2015, 22-2017, and/or 42-2020 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's monthly self-employment income f $3,000.00 to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

5. The Chapter 13 budget fails to provide for post-petition $3,000.00 self-employment tax liability, and Debtor has failed to establish and provide proof of a tax escrow account, indicating that the Plan may not be feasible. 11 U.S.C. Section 1325(a)(6).

6. The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i). As the Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors, the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

7. Pursuant to information received from the Internal Revenue Service, 2017 through 2022 tax returns have not been provided to the taxing authorities, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

8. Although Debtor is self-employed, the Chapter 13 budget and schedules do not include an itemization for business expenses, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b).

9. The proposed budget reflected in the Debtor's schedules appears to provide insufficient funds for ordinary living expenses and may indicate that the Plan is not feasible. 11 U.S.C. Section 1325(a)(6).

10. The Debtor's proposal to fund automobile debt totaling $67,610.01 in a zero percent (0%) composition Plan and a pool of $10,000.00 to be paid to unsecured creditors may indicate a lack of good faith and may violate 11 U.S.C. Sections 1325(a)(3) and 1325(a)(7).

11. The Chapter 13 Trustee objects to Chapter 13 Plan, as it proposes to pay monthly payments to Acima Digital f/k/a SIMP less than $15.00 per month, even though the Chapter 13 Trustee does not disburse payments of less than $15.00 per month pursuant to Rule 3010(b).

Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated:  June 30, 2023

/s/Mandy K. Campbell
Mandy K. Campbell
Attorney for the Chapter 13 Trustee
GA Bar No. 142676
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:	(678) 510-1444
Facsimile:	(678) 510-1450
mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 23-54268-PMB |
| | ) | |
| CHANLER JORDAN BAILEY, | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | JUDGE PAUL BAISIER |
| ------------------------------------------- | ) | |
| | ) | |
| MELISSA J. DAVEY, | ) | |
| STANDING CHAPTER 13 TRUSTEE, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| CHANLER JORDAN BAILEY, | ) | |
| Respondent. | ) | |
| ------------------------------------------- | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the June 30, 2023, I electronically filed the foregoing Chapter 13 Chapter 13 Trustee's Objection to Confirmation & Motion to Dismiss with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

DEBTOR:
CHANLER JORDAN BAILEY
1711 CONCEPTS 21 DR.
NORCROSS, GA  30092

Dated: June 30, 2023

/s/Mandy K. Campbell
Mandy K. Campbell
Attorney for the Chapter 13 Trustee
GA Bar No. 142676
   233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:   (678) 510-1444
Facsimile:   (678) 510-1450
mail@13trusteeatlanta.com